DAUKSCH, Judge.
This is an appeal from a summary judgment which held that the appellant is entitled to no relief, as a matter of law, because “the Court finds that there has not been demonstrated with clear and convincing evidence that there is a genuine issue as to any material fact in order to support a claim for libel and slander. ... ”
No citations of authority are necessary to support the proposition of law that a trial court should not enter summary judgment where disputed issues of material fact are extant. However, a reading of Holl v. Talcott, 191 So.2d 40 (Fla.1966) and the cases following that case seem to say that the law, especially in tort cases, does not favor summary judgments.
Tom Collins says in his pleadings that he was libeled and slandered by Dave Brig-man. He also says so in his depositions. That is not disputed by anyone in a sworn statement, although it is denied by Brig-man’s answer to the complaint. Tom Collins alleges under oath that when he was defamed by Dave Brigman it was done with malice, with knowledge of the untruthfulness, or with reckless disregard of the truth of the statements.
The appellant has filed a sufficient complaint, which swears to facts which, if true, would constitute libel, and which, if not met with a sufficient defense, will expose Dave Brigman to liability.
In order for a litigant to avoid a summary judgment he does not have to “demonstrate with clear and convincing evidence that there is a genuine issue as to any material fact,” — even in a public official defamation case. There merely has to be demonstrated that a genuine issue as to a material fact is in dispute. In view of the fact that the appellee filed no affidavits or any other sworn statement to demonstrate he was legally entitled to the summary judgment, and because the sworn statements and allegations of the plaintiff establish a preliminary right to a cause of action, we must reverse the summary judgment.
REVERSED AND REMANDED.
ORFINGER, C.J., and SHARP, J., concur.